UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH A. TAYLOR,<br><br>    Plaintiffs,<br><br>v.<br><br>EDMUND G. BROWN, JR. Governor, et al.,<br><br>    Defendants. | Case No. 14-0647-VC (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIMS** |

Ralph A. Taylor, an inmate at Pelican Bay State Prison ("Pelican Bay") proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional violations against defendants employed at Pelican Bay. On May 15, 2014, the Court reviewed Taylor's first amended complaint and found that he had stated a cognizable First Amendment claim for damages against D. Milligan, G. Pimentel and G.D. Lewis and that he had stated a cognizable First Amendment claim for injunctive relief against Lewis, in his official capacity. The Court dismissed without leave to amend Taylor's class claims and claims based upon the denial of administrative appeals. The Court dismissed with leave to amend Taylor's Equal Protection claims and First Amendment claims against all defendants other than Milligan, Pimentel and Lewis. The Court allowed Taylor twenty-one days from the date of the Order to file an amended complaint.

On June 5, 2014, the Court received Taylor's Second Amended Complaint ("SAC"), which was docketed on June 25, 2014. Doc. no. 14. The Court now reviews Taylor's SAC to determine if it has remedied the deficiencies noted in the Court's May 15, 2014 Order.

**DISCUSSION**

**I. First Amendment Claim**

The Court dismissed Taylor's First Amendment claim with leave to amend against all defendants other than Milligan, Pimentel and Lewis. The SAC does not include allegations

against any other defendant.  Therefore, the First Amendment claim against all other defendants is now dismissed without leave to amend.

**II. Equal Protection Claim**

The Court dismissed Taylor's Equal Protection claim because the allegations did not make clear whether he was claiming discrimination based on his race or his membership in an ideological movement and because his allegations did not indicate that any specific defendant intentionally discriminated against him on either basis.

The SAC alleges the following:

Pelican Bay Warden Lewis has established a policy and practice that bans New Afrikan culture, history, heritage, tradition, custom and identity.  This policy and practice discriminates against Taylor based upon his New Afrikan race and culture.  The policy claims that Taylor's New Afrikan race and cultural tenets constitute Black Guerrilla Family prison gang activity, but no evidence supports this claim.  The discriminatory policy and practice consists of the confiscation of all books, publications and written materials pertaining to the New Afrikan race and cultural tenets.

Pursuant to this policy, Defendants D. Milligan and G. Pimentel conducted a search of Taylor's cell pursuant to a six year review into his status as a member of the Black Guerilla Family and confiscated Taylor's books, manuscripts, pamphlets and other written material related to Taylor's New Afrikan race and cultural tenets.  Defendants stated that these writings were gang-related material, but they were not used in validating Taylor as an active member of the Black Guerilla Family.

Liberally construed, the SAC appears to allege an Equal Protection claims for damages against Milligan and Pimentel for discriminating against Taylor by confiscating his New Afrikan written material.  Liberally construed, the SAC appear to allege a claim against Warden Lewis, in his individual capacity, for establishing a pattern and practice that violates Taylor's Equal Protection rights to be able to read and express views about his racial and cultural beliefs. Liberally construed, the SAC also appears to state a claim against Warden Lewis, in his official capacity, for establishing a policy and practice that discriminates against Taylor based upon his

2

racial/cultural New Afrikan beliefs and practices.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Taylor's First Amendment claim against all defendants other than Milligan, Pimentel and Lewis is dismissed without leave to amend. The SAC states a cognizable Equal Protection claim against Milligan, Pimentel and Lewis.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC (docket no. 14) and all attachments thereto, and a copy of this Order and the Order of Dismissal with Leave to Amend (docket no. 13) to D. Milligan, G. Pimentel and Warden G.D. Lewis in his individual and official capacities at Pelican Bay State Prison. The Clerk shall also mail a courtesy copy of the SAC with all attachments and a copy of this Order and the Order of Dismissal with Leave to Amend (docket no. 13) to the California Attorney General's Office and a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for

1    waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

2        4. The following briefing schedule shall govern dispositive motions in this action:

3           a. No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion.

       b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c. Defendants shall file a reply brief no later than fourteen days after the date Plaintiff's opposition is filed.

         d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

    7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated:   July 3, 2014

_____
VINCE CHHABRIA
United States District Judge